**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| TERRANCE LAMONT NELSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 10-CV-140-CVE-TLW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

On March 8, 2010, Petitioner, a federal inmate appearing *pro se*, filed a pleading (Dkt. # 1) challenging the administration of his sentence. Petitioner complains that prison officials have failed to credit his federal sentence with jail time served prior to entry of his federal sentence. Petitioner states that on July 9, 2004, he was released from the custody of the State of Oklahoma to the custody of federal officials to begin serving the sentence imposed by this Court in N.D. Okla. Case No. 01-CR-068-SEH. The Court's records for Case No. 01-CR-068-SEH reflect that Petitioner has previously raised concerns regarding the administration of his federal sentence. On September 11, 2008, or more than four (4) years after he began serving his federal sentence, Petitioner filed a "motion for clarification of sentence" (Case No. 01-CR-068-SEH, Dkt. # 33), requesting that the Court "clarify amount of time served in detention." By Opinion and Order filed September 15, 2008, (Case No. 01-CR-068-SEH, Dkt. # 34), the undersigned dismissed the motion, after explaining that Petitioner was required to exhaust administrative remedies provided by the Bureau of Prisons ("BOP") for resolving the issue of sentence credits.

In his recently filed pleading, Petitioner identifies 28 U.S.C. § 2241 as providing authority for the Court to enter the requested relief. See Dkt. # 1. Petitioner does not challenge the validity of his conviction or sentence, but instead challenges the administration of his federal sentence by the BOP. Based on Petitioner's allegations, the Court liberally construes the pleading as a 28 U.S.C. § 2241 petition for writ of habeas corpus challenging the administration of his sentence. See Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000).

A § 2241 petition is properly filed in the district in which the prisoner is confined. See, e.g., Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000). At the time he filed his petition, Petitioner was housed at the United States Penitentiary, located in Pollock, Louisiana. Petitioner is not confined in this district. As a result, the Court lacks jurisdiction to decide the issue raised in the petition. See United States v. Scott, 803 F.2d 1095, 1096 (10th Cir. 1986) (per curiam). The appropriate judicial district is the Western District of Louisiana.

Upon review of this Court's records, the Court finds this matter should be dismissed without prejudice. The Court recognizes that such "[j]urisdictional defects that arise when a suit is filed in the wrong federal district may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631, which requires a court to transfer such an action if the transfer is in the interest of justice." Haugh, 210 F.3d at 1150 (internal quotation marks omitted). However, under the facts of this case, the Court declines to transfer the petition. The petition shall be dismissed without prejudice to being filed in the proper forum.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the 28 U.S.C. § 2241 petition for writ of habeas corpus (Dkt. # 1) is **dismissed without prejudice** to being reasserted in the proper forum, the United States District Court for the Western District of Louisiana.

DATED THIS 11th day of March, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT